**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

MARK LYNN, a/k/a Mark Aaron Lynn,

        *Defendant-Appellant.*

No. 08-5125

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

TAVARRAS RHODES, a/k/a Tavarras Jerrell Rhodes,

        *Defendant-Appellant.*

No. 08-5126

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(3:08-cr-00082-RLW-1; 3:08-cr-00082-RLW-2)

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

          v.

AVERY JERMAINE PEAKE,

              *Defendant-Appellant.*

No. 08-5132

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(6:08-cr-00120-HMH-1)

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

          v.

JEREMY VASHON TUCKER, a/k/a
Nicholas Wilson,

              *Defendant-Appellant.*

No. 09-4341

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry F. Floyd, District Judge.
(7:08-cr-00666-HFF-1)

Argued: December 3, 2009

Decided: January 28, 2010

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

No. 08-5125 vacated and remanded by published opinion; No. 08-5126 affirmed by published opinion; No. 08-5132 affirmed by published opinion; No. 09-4341 vacated and remanded by published opinion. Judge Motz wrote the opinion, in which Judge Michael and Judge Gregory joined.

## COUNSEL

**(Nos. 08-5125, 08-5126) ARGUED**: Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia, for Appellants. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF**: Mark K. Tyndall, Richmond, Virginia, for Appellant Tavarras Rhodes. Dana J. Boente, Acting United States Attorney, Alexandria, Virginia, for Appellee. **(No. 08-5132) ARGUED:** David Wilson Plowden, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF:** W. Walter Wilkins, United States Attorney, Columbia, South Carolina, for Appellee. **(No. 09-4341) ARGUED:** Benjamin Thomas Stepp, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee. **ON BRIEF:** W. Walter Wilkins, United States Attorney, Columbia, South Carolina; David C. Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

In each of these cases, an appellant contends that the sentencing court committed reversible procedural error by failing to consider the required sentencing factors and offer an adequate explanation for the sentence imposed. When a party lodges such an objection in the sentencing court, we review for abuse of discretion. We consolidated these cases on appeal to resolve what standard of appellate review applies when a party lodges such an objection for the first time on appeal. For the reasons that follow, we conclude that we subject such unpreserved objections only to plain-error review.

I.

The question at issue in these consolidated cases arises from the Supreme Court's recent sentencing decisions. In *United States v. Booker*, 543 U.S. 220, 245, 262 (2005), the Court rendered the once-mandatory federal Sentencing Guidelines "effectively advisory," and called on federal appellate courts to review district courts' sentences for "reasonableness." In *Gall v. United States*, 552 U.S. 38, 51 (2007), the Court explained that this reasonableness review has procedural and substantive components.

First, an appellate court must review for procedural reasonableness,

> ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors,[1] selecting

---

[1] These factors include the "nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to reflect the

a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.* If the appellate court finds a sentence procedurally reasonable, it then moves to the second step, in which it "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*; *see also Rita v. United States*, 551 U.S. 338, 351 (2007). These consolidated cases present claims only of procedural error, i.e. that a sentencing court assertedly "fail[ed] to consider the § 3553(a) factors" and "adequately explain the chosen sentence," as required by § 3553(c). *Gall*, 552 U.S. at 51; *see also Rita*, 551 U.S. at 356.

The Supreme Court has held that when sentencing, a court must demonstrate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356. "[A] statement of reasons is important" because it "helps [the sentencing] process evolve," *id.* at 356, 357, "allow[s] for meaningful appellate review[,] and . . . promote[s] the perception of fair sentencing." *Gall*, 552 U.S. at 50.

We have addressed claims of procedural sentencing error in several recent cases. Relying on Supreme Court guidance, we have held that for every sentence—whether above, below, or within the Guidelines range—a sentencing court must "place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564

seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . [,] . . . to afford adequate deterrence . . . [,] . . . to protect the public from further crimes of the defendant[,] . . . to provide the defendant with needed" training and care, "to avoid unwarranted sentence disparities," and "to provide restitution to any victims"; "the kinds of sentences available"; the Guidelines range; and pertinent policy statements from the Sentencing Commission. 18 U.S.C. § 3553(a).

F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). But we have also held that in explaining a sentencing decision, a court need not "robotically tick through § 3553(a)'s every subsection," particularly when imposing a within-Guidelines sentence. *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006). "[A] major departure [from the Guidelines] should be supported by a more significant justification than a minor one," *Gall*, 552 U.S. at 50, but an individualized explanation must accompany *every* sentence. *See United States v. Johnson*, 587 F.3d 625, 639 (4th Cir. 2009); *Carter*, 564 F.3d at 330.

Although to date neither this court nor the Supreme Court has issued an express holding as to the standard of review of properly preserved objections to the sort of procedural sentencing errors at issue here, the Court has generally stated that we "must review all sentences . . . under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 40. Moreover, when considering another sort of procedural sentencing error, the Court recently observed that "procedural errors at sentencing . . . are routinely subject to harmlessness review." *Puckett v. United States*, 129 S. Ct. 1423, 1432 (2009). We have similarly remarked in the context of another procedural sentencing error that, when an appellant properly preserved such error, "we are obliged to apply the 'harmless error' standard provided by Federal Rule of Criminal Procedure 52(a)." *United States v. Robinson*, 460 F.3d 550, 557 (4th Cir. 2006); *see* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Accordingly, we conclude that if a party repeats on appeal a claim of procedural sentencing error like those at issue here, which it has made before the district court, we review for abuse of discretion. If we find such abuse, we reverse unless we conclude that the error was harmless.

This does not, however, resolve the question of what standard of appellate review applies to such claims of procedural sentencing error made for the first time on appeal.

## II.

Although we have not yet directly addressed this question, we believe the answer is clear. Federal Rule of Criminal Procedure 52(b), as well as recent cases from the Supreme Court and our court dictate the proper standard of review generally applicable to unpreserved procedural sentencing errors. This authority requires that in the context at hand, as in most others, when a party does not preserve an argument in the district court, we review only for plain error.

Rule 52(b) provides that, in the absence of proper preservation, plain-error review applies. *See* Fed. R. Crim. P. 52(b). To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights. *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if an appellant makes this three-part showing, an appellate court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 343 (internal quotation marks omitted).

Absent structural error (and no party contends that the errors at issue here are structural), the Supreme Court has generally held that appellate courts can review unpreserved claims only for plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993). Moreover, just this term, when considering another sort of sentencing error, the Supreme Court expressly held that "[i]f an error is not properly preserved, appellate-court authority to remedy the error . . . is strictly circumscribed" to plain-error review. *Puckett*, 129 S. Ct. at 1428. The Court explained that applying plain-error review in the sentencing context "serves worthy purposes," *id.* at 1433, including "induc[ing] the timely raising of claims and objections," *id.* at 1428. In *Booker* itself, the Court instructed that in reviewing sentences, courts should "apply ordinary prudential doctrines, determining, for example, whether the issue

was raised below and whether it fails the 'plain-error' test." 543 U.S. at 268.

Like the Supreme Court, we too have indicated that the rigorous plain-error standard applies to unpreserved claims of procedural sentencing error. *See United States v. Sosa-Carabantes*, 561 F.3d 256, 259 n.6 (4th Cir. 2009) (noting plain-error review would apply to objection to application of Guidelines enhancement if not made before the district court, but finding objection preserved); *United States v. Clark*, 434 F.3d 684, 686 n.1 (4th Cir. 2006) (noting plain-error review would apply to objection to district court's failure to consider § 3553 sentencing factor if not made before the district court, but finding objection preserved).

Our sister circuits have generally agreed with this conclusion. *See, e.g.*, *United States v. Pakala*, 568 F.3d 47, 56 (1st Cir. 2009); *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008); *United States v. Sevilla*, 541 F.3d 226, 230-31 (3d Cir. 2008); *United States v. Gray*, 533 F.3d 942, 945 (8th Cir. 2008); *In re Sealed Case*, 527 F.3d 188, 191-92 (D.C. Cir. 2008); *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007); *United States v. Romero*, 491 F.3d 1173, 1177-78 (10th Cir. 2007). In accord with all of this authority, we now hold, as the Government contends, that plain-error review applies when a party lodges an objection to the sort of procedural sentencing error at issue here for the first time on appeal.

The question remains as to how a party may preserve such a claim of procedural sentencing error in the district court. The Government seems to contend that to avert plain-error review, a party must object to a perceived error after the district court has rejected the party's arguments. But the Federal Rules of Criminal Procedure reject this formulaic approach. Instead, the Rules expressly provide that "[a] party may pre-

serve a claim of error by informing the court—when the court ruling or order is made or *sought*—of the *action the party wishes the court to take*, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b) (emphases added). Thus, the Rules abandon the requirement of formulaic "exceptions"—after the fact—to court rulings. As Judge Easterbrook has explained, Rule 51 does "not require a litigant to complain about a judicial choice after it has been made." *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009).

The Federal Rules of Criminal Procedure, which the Supreme Court has expressly approved, represent the considered view after extensive study of skilled judges and lawyers. We see good reason to adopt the approach to preservation set forth in those Rules, and no reason to reject it. This is particularly so given that we have followed precisely this approach in other sentencing cases. *See Sosa-Carabantes*, 561 F.3d at 259 n.6 (holding that appellant preserved its objection to the district court's application of a sentencing enhancement by arguing *before* the district court's ruling that the enhancement should not apply); *Clark*, 434 F.3d at 686 n.1 (holding that the Government preserved the argument that the district court failed to consider a relevant § 3553 factor even though the Government had not objected after the district court's explanation and had not specifically asked the court to consider that factor, reasoning that the Government's "objection [to the defendant's motion for a downward departure] in its supplemental brief [before the district court] . . . was sufficient to preserve its claim for appellate review"); *see also Bartlett*, 567 F.3d at 910 (holding in the context of an asserted procedural sentencing error by the district court that the defendant's "sentence was the subject of extensive argument and evidence; his lawyer did not need to argue with the judge once the sentence had been pronounced").

The Government's litigation position in recent cases signals its own discomfort with the preservation requirement it now

advances. In three recent cases — *Carter*; *United States v. Engle*, ___ F.3d ___ (4th Cir. 2010), *available at* 2010 WL 114944; and *United States v. Wilkinson*, ___ F.3d ___ (4th Cir. 2010), *available at* 2010 WL 9946 — in which the *Government* appealed the inadequacy of the district court's explanation and consideration of § 3553 factors, the Government argued for abuse-of-discretion review even though it did not ask specifically for a better explanation of the sentence after it had been rendered.[2] The Government's newly minted approach, therefore, runs counter not only to the Rules but also to its previously consistent position on the matter: that is, "when an issue is argued before the judicial ruling, counsel need not take exception once the court's decision has been announced." *Bartlett*, 567 F.3d at 910.

By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim. Requiring a party to lodge an explicit objection after the district court explanation would "saddle busy district courts with the burden of sitting through an objection—probably formulaic—in every criminal case." *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005).[3] When the sentencing court has already "heard

---

[2]Similarly, in each of these consolidated cases, the Government initially argued for abuse-of-discretion review. The Government changed its position — to plain-error review and requiring preservation of error by objection to the sentence after imposition—only after we asked for additional briefing on the issue.

[3]We are also concerned that such a requirement could degenerate into a never-ending stream of objections after each sentencing explanation. Although the Government in one of the consolidated cases has assured us in a supplemental letter that "only one objection . . . is necessary to preserve the matter," we do not see how this limitation can be enforced or how it accords with an objection requirement intended to force a district court to remedy its errors contemporaneously. We today opt for an approach that gives courts this opportunity while limiting the drain on district-court time.

argument and allocution from the parties and weighed the relevant § 3553(a) factors before pronouncing sentence," *id.*, we see no benefit in requiring the defendant to protest further. *See United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir. 2007) (en banc) ("An objection to [an inadequate explanation] will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a).").[4]

With these principles in mind, we turn to the cases at hand.

### III.

In each case, we must first determine if the appellant lodged his objection to the adequacy of the district court's sentencing procedure for the first time on appeal. If so, we can review only pursuant to the rigorous plain-error standard. If, however, the appellant preserved his appellate objection by articulating it first in the district court, we review for abuse of discretion—reversing if we find error unless we can conclude that it was harmless.

---

[4]In one of these consolidated cases, the Government fleetingly relies on an *evidence* rule to contend that a party's objection to a sentence must also be "specific." *Cf.* Fed. R. Evid. 103(a)(1). Even if this Rule governed objections to a *sentencing* ruling (and it does not), it only imposes a particular specificity requirement "if the specific ground" for an objection "was not apparent from the context." *Id.* A party's invocation of and argument as to § 3553 in the context of recent controlling Supreme Court and Fourth Circuit precedent certainly render the party's specific objections "apparent" to the sentencing court. Once that is done, no further objection is necessary to preserve the argument. Although unacknowledged by the Government, Rule 103(a) itself expressly provides that "[o]nce the court makes a definitive ruling on the record[,] . . . a party need not renew an objection . . . to preserve a claim of error for appeal." *Id.* 103(a). Of course, lodging one specific claim of procedural sentencing error before the district court, *e.g.*, relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, *e.g.*, relying on different § 3553 factors.

A.

The sentencing challenge raised in No. 08-5132 arises from the police discovery of Avery Peake with a gun and $500 on his person, in a car containing crack cocaine. Peake pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006).

1.

Peake's presentence report ("PSR") calculated a Guidelines range of 84 to 105 months in prison, but in response to an unopposed objection by Peake at sentencing, the district court adjusted the range to 57 to 71 months. The court asked Peake if he had any further objections to the sentence proposed in the PSR. When Peake replied that he did not, the court adopted the PSR with the adjusted range.

The court then indicated that it would "hear from" Peake's counsel. Defense counsel stated that he believed that the "Presentence Report fairly sets out the circumstances of [Peake's] life and this offense," and added only that he "would point out" that Peake's prior convictions occurred mostly "when he was very young," and that "the arrests he's had since then are essentially alcohol related, which goes . . . to substance abuse" problems. The district court asked Peake if he wanted to add anything before imposition of sentence. When Peake declined to do so, the court imposed a prison sentence of 57 months, at the very bottom of the Guidelines range, explaining that it had "considered the guidelines as advisory only" and "believe[d] the factors of [§ 3553(a)] are accomplished with a guideline sentence."

2.

Peake failed to preserve his objection in the district court to that court's consideration of the § 3553 factors and explanation for the sentence imposed. His attorney did not argue

for a sentence different than the within-Guidelines sentence Peake ultimately received. Rather, in the context of a within-Guidelines sentence, he merely "point[ed] out" Peake's conduct since adulthood and substance abuse problems. He did not ask the court to depart from the correctly calculated Guidelines range based on consideration of the relevant § 3553 factors. Defense counsel therefore lodged no objection to the adequacy of the district court's explanation. Consequently, we review Peake's claim for plain error.

To establish plain error, Peake must demonstrate that the explanation in this case constituted plain error affecting substantial rights. *See Massenburg*, 564 F.3d at 343. In other words, even if we assume that the district court's very brief explanation constituted clear error, Rule 52(b) requires that Peake also show that this explanation had a prejudicial effect on the sentence imposed. *See Puckett*, 129 S. Ct. at 1433 n.4.[5] Peake has not made such a showing. His attorney's arguments before the district court urged that court only to impose a sentence within the Guidelines range, which it did. Accordingly, we must affirm.

## B.

No. 09-4341 grows out of Jeremy Vashon Tucker's plea of guilty to possessing a firearm as a convicted felon. The conviction arose out of an incident three years before, in which Tucker accidentally shot himself in the leg.

---

[5]We note that in this context some courts have eliminated the need for an appellant to demonstrate that an error affected his substantial rights. *See Sealed Case*, 527 F.3d at 192 ("The absence of a statement of reasons is prejudicial in itself because it precludes appellate review of the substantive reasonableness of the sentence."); *United States v. Hirliman*, 503 F.3d 212, 215 (2d Cir. 2007). We decline to follow this approach. Rather, we take to heart the Supreme Court's more recent admonition that such "unjustified exception[s]" to Rule 52(b) would undercut the "worthy purposes" of plain-error review. *Puckett*, 129 S. Ct. at 1429, 1433.

1.

The PSR in Tucker's case calculated a total offense level of 30, a criminal history category of VI, and thus a Guidelines range of 168 to 210 months in prison. However, the PSR recommended a sentence of 120 months, consistent with the maximum statutory penalty for Tucker's offense. *See* 18 U.S.C. § 924(a)(2) (2006).

At sentencing, the district court granted Tucker's unopposed motion to remove the PSR's armed career criminal designation under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.4 (2008). This resulted in the lowering of Tucker's offense level, and placement of him in a Guidelines range of 51 to 63 months. However, the court informed Tucker that it was considering departing upward from this Guidelines range under U.S.S.G. § 4A1.3 (2008) because Tucker's criminal history category did not adequately reflect the seriousness of his criminal history. The district judge noted Tucker's "very extensive criminal history," and recalled that he had sentenced Tucker in state court

> back in '99 to a prison term and something is just not taking. I don't know what it is, but I feel like . . . 51 to 63 months does not . . . afford adequate deterrence and protection of the public from further crimes. And I also take into consideration the seriousness of the offense, as well as the nature and characteristics of the defendant to include such an extensive criminal record. Therefore, it's my intention to vary up 7 levels . . . [to] a range of 100 to 125 months.

In arguing against this departure, Tucker's counsel focused on the unusual circumstances surrounding Tucker's case. The charged offense took place three years earlier, when Tucker arrived at a hospital after accidentally shooting himself. Defense counsel pointed out that although Tucker admittedly had possessed a gun, he had not been "out there using the gun

committing another crime sticking up people or something like that," but rather had been otherwise law abiding both at the time he accidentally shot himself and during the entire three-year period following the injury. Tucker himself pointed to the unexplained three-year delay between the issuance and execution of the arrest warrant in this case, and noted that during that period, he had never "flunk[ed] a drug test or [done] any stuff that would cause [him] to get in trouble." Tucker asked to be "give[n] another chance to go back and do what I was doing before I came here."

Without in any way addressing these arguments, the district court imposed a sentence nearly twice as long as the low end of the advisory Guidelines range. The court provided the following bare explanation of its sentence: "Having calculated and considered the advisory sentencing guidelines and . . . the relevant statutory sentencing factors contained in [§] 3553(a), it's the judgment of the court that . . . Tucker . . . be imprisoned for a term of 101 months."

2.

The record makes clear that Tucker preserved his objection to the district court's explanation of the sentence. Defense counsel asked the district court to consider a sentence "either at the bottom end of the advisory range or perhaps even a lower sentence that that." He drew from § 3553(a)(1) and (a)(2)(A) to argue that an out-of-Guidelines sentence, which the court ultimately imposed, was inconsistent with Tucker's recent criminal history and unusual crime of conviction. Tucker's § 3553 arguments in the district court for a different sentence than the one he received preserved his claim of procedural sentencing error on appeal. Therefore, we review the district court's sentencing procedure for abuse of discretion, and must reverse if we find error, unless we can conclude that the error was harmless.

That the district court committed significant procedural error in sentencing Tucker seems clear. The court provided no

individualized explanation for its substantial departure from the Guidelines. The court did not, as the Supreme Court requires, address Tucker's "nonfrivolous reasons for imposing a different sentence," *Rita*, 551 U.S. at 357, particularly his contention that the nature and circumstances of his current crime and criminal history did not warrant an above-Guidelines sentence. *See id.* (holding that a district court imposing a within-Guidelines sentence need not provide a lengthy explanation "[u]nless a party contests the Guidelines sentence generally under § 3553(a) . . . or argues for a departure" under the Sentencing Guidelines). The court explained Tucker's sentence only by stating that it remembered sentencing Tucker in the past and "d[id]n't know" why a within-Guidelines sentence was inadequate under § 3553. The Supreme Court has repeatedly held that when a sentencing judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50; *Rita*, 551 U.S. at 357.

No such consideration or compelling explanation supports the court's sixty-percent departure from the high end of the Guidelines range. In order to satisfy the explanation requirement, the district court might have discussed why, in light of Tucker's criminal history, the unusual crime of conviction was irrelevant or did not support a sentence lower than the one imposed. Alternatively, the court might have credited Tucker's arguments, but concluded that other considerations drawn from §§ 3553 or 4A1.3 supported imposition of a longer sentence than the one the Guidelines proposed. By providing no explanation at all for a substantially above-Guidelines sentence, the court committed procedural sentencing error.

We cannot conclude that this error was harmless. When faced with an unexplained out-of-Guidelines sentence, we have in the past remanded for resentencing because we could not determine "why the district court deemed the sentence it

imposed appropriate." *Carter*, 564 F.3d at 330; *see also Engle*, 2010 WL 114944, at \*7; *Wilkinson*, 2010 WL 9946, at \*8-9. We see no reason to abandon this approach today. The district court's explicit consideration of Tucker's arguments for a lower sentence might have convinced the court to impose such a sentence. In any event, the district court's failure to address Tucker's arguments and justify a significantly out-of-Guidelines sentence has produced a "record insufficient to permit even . . . routine review" for substantive reasonableness. *Engle*, 2010 WL 114944, at \*6.

Accordingly, we vacate Tucker's sentence and remand for resentencing.[6]

## C.

The final consolidated case, Nos. 08-5125 and 08-5126, arises from a trooper's stop of Mark Lynn and Tavarras Rhodes as they traveled southbound through Virginia on I-95, a known drug thoroughfare. The trooper observed their rental sedan commit several evasive traffic violations, and pulled it over. As the trooper approached the stopped car, he smelled the odor of marijuana in the passenger compartment; he then noticed the nervousness of Lynn and Rhodes and received inconsistent stories from them as to the purpose of their trip. A warrantless, simultaneous search of the sedan's passenger

---

[6]Tucker raises a second, equally meritorious, ground for reversal. As in *United States v. Dalton*, 477 F.3d 195, 199 (4th Cir. 2007), the district court here failed to depart incrementally upward from criminal history category VI, as required by U.S.S.G. § 4A1.3(a)(4)(B) (2008). In *Dalton*, we held that, "even where an upward departure from [category] VI is plainly warranted, a sentencing court must depart incrementally, explaining the reasons for its departure." *Id.* While the court need not move just one offense level or move mechanistically through the levels, it must provide some explanation for the magnitude of its departure. *Id.* Even the Government appears to concede that in this case "'a more rigorous sentencing analysis'" was required. *See* Gov't Br. 13 (quoting *Dalton*, 477 F.3d at 200).

compartment and trunk followed, which revealed "well over a hundred" empty glassine baggies in the back seat of the car; a half-smoked marijuana cigarette on the driver's side floor; an "overwhelming . . . chemical odor" in the passenger compartment, emanating from the trunk; and a plastic bag containing more than 100 grams of heroin in the trunk.

A grand jury indicted Lynn and Rhodes of (1) possessing with intent to distribute and (2) conspiring to distribute over 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a), 846 (2006). The district court denied their motion to suppress the heroin and their subsequent incriminating statements.[7] After a joint trial, a jury convicted the men of both crimes.

1.

Lynn (but not Rhodes) challenges his sentence. Lynn's PSR, which the district court adopted, classified him as a career offender under U.S.S.G. § 4B1.1 (2008) and calculated a Guidelines range of 360 months to life in prison. Before the district court, Lynn maintained that he should be awarded a downward variance from the Guidelines pursuant to the

---

[7]Both Lynn and Rhodes challenge the district court's denial of their motion to suppress, arguing that the police lacked probable cause to conduct a search of the trunk. The Government contends that even if probable cause did not provide a basis for searching the trunk, the inevitable discovery doctrine does. We agree. The smell of marijuana in the passenger compartment of the car furnished police with probable cause to search that compartment. *See United States v. Carter*, 300 F.3d 415, 422 (4th Cir. 2002). The search revealed more than one hundred empty baggies in the back seat, a half-smoked marijuana cigarette on the driver's side floor, and a strong chemical odor emanating from the trunk; clearly, this evidence would have given the officers probable cause to arrest Lynn and Rhodes and perform an inventory search of the vehicle. *See United States v. Matthews*, ___ F.3d ___, ___ (4th Cir. 2009), *available at* 2009 WL 5173719, at *2. That search would inevitably have led the officers to discover the heroin in the trunk. Because we uphold the denial of the suppression motion on this ground, we need not reach the question of whether the police had probable cause to search the trunk.

§ 3553 sentencing factors. He contended that he fell "at the very margins of career offender status" because "the greatest sentence that he ha[d] served prior to the imposition of this sentence [wa]s two and a half years." He protested that the evidence demonstrated that he was not a "drug kingpin" but only a "courier" "for the benefit of another." He maintained that the evidence showed that he had been paid just $1000 for the charged crime. He also asserted that a lengthy sentence would not achieve "specific deterrence" or "protect[ion of] the public," and that to impose a within-Guidelines career-offender sentence on him would create unwarranted sentencing disparities, given the substantial difference between state sentences and career-offender federal sentences.

Without addressing any of Lynn's § 3553 arguments, the district court sentenced Lynn to a within-Guidelines career-offender sentence of 33 years. The court offered scant explanation, stating only that the sentence was "fair and appropriate and . . . consistent with the requirements of [§ 3553(a)]." After imposing its sentence and immediately prior to recessing, the district judge commented that he hoped that this was Lynn's last crime, that he "never imposed a sentence on anyone . . . other than in the public's best interest," that Lynn had a long criminal history, and that "they finally caught up with [him]."

2.

Lynn preserved his objection to the sentence. In his brief to the district court, and again at sentencing, Lynn's attorney invoked § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), and (a)(6) to argue that "[a] sentence [of] 30 years[, the bottom end of the Guidelines range for a career offender,] is just unreasonable and unfair under the circumstances." Lynn maintained that he acted only "as a courier, transporting a relatively small amount of heroin, and should not be sentenced as a multiple offender drug kingpin to thirty years of incarceration." Rather, he argued, ten years, the high end of the non-

career-offender Guidelines, was "more than sufficient — but not greater than necessary — as punishment." Lynn pointed out that his career-offender status rested on 10- to 18-year-old convictions, which resulted in less than three combined years of incarceration. Because Lynn preserved his sentencing challenge, we review for abuse of discretion.

In explaining the 33-year sentence, the district court barely referred to Lynn or his case. In fact, beyond finding the sentence "fair and appropriate and . . . consistent with the requirements of [§ 3553(a)]," the court observed merely—as a parting comment at the end of the hearing—that Lynn "had almost an uninterrupted 26 years of committing what crime [he] thought [he] could get by with, and [the authorities] finally caught up with [him]." This "explanation" was inadequate because it failed to address Lynn's specific § 3553 arguments or explain why the sentence imposed on him was warranted in light of them.

We, of course, recognize that in *Rita* the Supreme Court explained that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," and that an appellate court can presume that a within-Guidelines sentence is reasonable. 551 U.S. at 347, 356. But the *Rita* Court also expressly held that a district court *cannot* presume that a within-Guidelines sentence is reasonable. *Id.* at 351. Moreover, less than a year after issuance of *Rita*, the Court further explained that although "all sentencing proceedings" should begin with "correct[ ] calculat[ion]" of the "applicable Guidelines range," sentencing judges should treat the Guidelines only as "the starting point." *Gall*, 552 U.S. at 49. "After settling on the appropriate sentence," a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* As the *Gall* Court said, and we have reiterated, a district court's explanation of its sentence need not be lengthy, but the court must offer *some* "individualized assessment" justify-

ing the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553. *Gall*, 552 U.S. at 50; *Carter*, 564 F.3d at 330. The district court failed to do that here. Thus, Lynn's sentence stands in stark contrast to that in *Johnson*, in which we found adequate an explanation that, although somewhat brief, "outlined the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." 587 F.3d at 639.

Nor, unlike in *Rita*, does the record of Lynn's sentencing hearing "make[ ] clear that the sentencing judge considered the [defendant's] evidence and arguments" in fashioning its sentence. 551 U.S. at 359. In *Rita*, the appellate court could look to the district court's lengthy discussion with, and questioning of, defense counsel and determine that the district court understood the defendant's arguments for a reduced sentence and had reasons for rejecting those arguments. *See id.* at 344-45, 358-59. No such discussion or questioning occurred here. Indeed, the only time the district court even acknowledged the defendant's arguments was *after* it had imposed sentence; even then, it did so obliquely.

Simply put, because there is no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him, we must find error. Here as in *Carter*, where the inadequacy of the explanation required us to remand for resentencing, "the district court could have made precisely the same statements in support of" a different sentence. 564 F.3d at 329. In sum, the district court erred and so abused its discretion by ignoring Lynn's nonfrivolous arguments for a different sentence and failing to explain the sentencing choice.

Whether this error requires reversal presents a close question. As is often the case in such situations, our resolution depends on which party bears the burden of persuasion. To

avoid reversal for non-constitutional, non-structural errors like this, the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless, i.e. that it "did not have a 'substantial and injurious effect or influence'" on the result. *United States v. Curbelo*, 343 F.3d 273, 278 (4th Cir. 2003) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008). The Government has failed to carry that burden in this case. Indeed, the Government does not even contend that any error was harmless. Given the strength of Lynn's arguments for a different sentence, we cannot say with any "fair assurance," *Kotteakos*, 328 U.S. at 765, that the district court's explicit consideration of those arguments would not have affected the sentence imposed. Accordingly, we must vacate and remand for resentencing. *Id.* at 776. We note that in a recent case in which the extent of harm caused by a procedural sentencing error was not immediately clear, the Supreme Court did precisely this. *See Nelson v. United States*, 129 S. Ct. 890 (2009). We follow suit here.

Because sentencing in this case took place shortly after issuance of *Gall* and before issuance of *Carter*, the district court did not have the benefit of their discussion of the law in this area. *See Spears v. United States*, 129 S. Ct. 840, 846 (2009) (Roberts, C.J., dissenting) (observing that recent Supreme Court sentencing decisions "have given the lower courts a good deal to digest over a relatively short period"). We are confident that, in the future, district courts will fulfill their responsibilities under *Gall* and *Carter* to deliver "individualized explanations" for the sentences they impose.

IV.

For the above reasons, we direct entry of the following orders:

No. 08-5125 *VACATED AND REMANDED*
No. 08-5126 *AFFIRMED*
No. 08-5132 *AFFIRMED*
No. 09-4341 *VACATED AND REMANDED*