**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5153**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUINDELL FORD, a/k/a Nephew,

Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:09-cr-00219-RDB-1)

─────────────

Submitted:  September 7, 2011        Decided:  September 9, 2011

─────────────

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Haneef L. Omar, LAW OFFICES OF HANEEF L. OMAR, Baltimore, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Michael J. Leotta, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quindell Ford appeals his 336-month sentence imposed following his guilty plea to one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2006), and one count of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i), (ii) (2006). On appeal, Ford argues that the district court procedurally erred in determining his sentence. Finding no error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51.

On appeal, Ford argues that the district court procedurally erred by (1) granting a one-level departure in his criminal history category but subsequently varying upward; (2) failing to adequately explain its upward variance; and (3) creating an unwarranted sentencing disparity between Ford and a codefendant. We hold that the district court reasonably based its upward variance, subsequent to the downward departure, on a variety of § 3553(a) factors and adequately explained its decision to do so. Further, because Ford's codefendant was convicted and sentenced on different counts of the indictment, we hold that a comparison of the two sentences was unnecessary. We thus discern no procedural error, let alone significant error requiring reversal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED