**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4636**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

KENDALL T. COHEN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00160-PMD-1)

Submitted:  January 12, 2012          Decided:  January 30, 2012

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendall T. Cohen was convicted pursuant to a guilty plea and sentenced as an armed career criminal to a total of 223 months in prison for possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Cohen argues that the district court incorrectly counted a prior conviction for assault and battery of a highly aggravated nature ("ABHAN") as a predicate offense under the Armed Career Criminal Act ("ACCA"), and that the evidence introduced at sentencing did not support a one-level enhancement for use or possession of a firearm in connection with a crime of violence. Finding no error, we affirm.

Cohen did not argue below that his ABHAN conviction was not an ACCA predicate. Because Cohen did not raise his claim of error in the district court, this court's review is for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Thus, Cohen bears the burden of showing "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id.

The district court's conclusion that Cohen's South Carolina ABHAN conviction was a violent felony, however, is not erroneous. See United States v. Wright, 594 F.3d 259, 263 (4th Cir.) (S.C. aggravated assault and battery [i.e., ABHAN], is a violent felony), cert denied, 131 S. Ct. 507 (2010).

2

Additionally, the parties have overlooked the fact that the presentence report identified four predicate felonies, and Cohen challenges only one. We therefore reject Cohen's argument.

We also find no error in the district court's finding that Cohen possessed the firearm in connection with a violent felony for the purposes of applying a one-level Guidelines enhancement. U.S. Sentencing Guidelines Manual §§ 4B1.4(b)(3), 4B1.2(a) (2009). The Government submitted evidence at sentencing that Cohen's actions as he was being pursued put the arresting officer in reasonable apprehension of an imminent attack with a deadly weapon. We find no clear error in the district court's factual finding. See United States v. Dawkins, 202 F.3d 711, 714 (4th Cir. 2000).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED