**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4975**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HUGO ALEJANDRO ESTRADA,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Martin K. Reidinger, District Judge.  (1:12-cr-00024-MR-DLH-1)

———————————

Submitted:  May 20, 2013          Decided:  June 6, 2013

———————————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David G. Belser, BELSER & PARKE, PA, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, John D. Pritchard, Special Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hugo Alejandro Estrada pled guilty to illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced him to sixteen months' imprisonment, a variance of nine months above the advisory Sentencing Guidelines range. On appeal, Estrada challenges the procedural and substantive reasonableness of his sentence. We affirm.

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[ ] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

Estrada first challenges the procedural aspect of his sentence on the ground that the district court failed to provide

2

an individualized assessment when it imposed the variant sentence. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Estrada has preserved the challenge to this aspect of his sentence "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). If the district court abused its discretion, this court will "reverse unless . . . the error was harmless." Id. at 576.

Our review of the sentencing transcript leads us to conclude that the district court sufficiently explained the chosen sentence. Specifically, the court cited the relevant § 3553(a) factors it considered and noted Estrada's multiple illegal reentries and involvement in serious drug trafficking offenses. Because the district court adequately explained its

reasons for the sentence imposed, we conclude that the district court committed no procedural error.

Because there is no procedural error, we next review the substantive reasonableness of Estrada's sentence by "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Mendoza–Mendoza, 597 F.3d at 216. "Where, as here, the district court decides that a sentence outside the advisory range is appropriate, [the court] 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (quoting Gall, 552 U.S. at 50). "A major departure from the advisory range 'should be supported by a more significant justification than a minor one.'" Id. (quoting Gall, 552 U.S. at 50). Even if we would have imposed a different sentence, that fact alone will not justify vacatur of the district court's sentence. Gall, 552 U.S. at 51.

Estrada asserts the district court's imposition of an upward variance rendered his sentence substantively unreasonable because (1) the district court gave significant weight to an improper factor, namely, a hypothetical Guidelines range that would have applied to a defendant with a previous conviction for

4

an aggravated felony or one who was charged with a more serious illegal reentry offense; and (2) his case presents no "compelling" justification for any deviation from the Guidelines range. Because Estrada did not raise any objection to the court's explanation of his sentence below, his assertion that the district court considered an improper factor is reviewed for plain error.  See United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010) (on appeal, where defendant claims substantive unreasonableness for the first time based on district court's consideration of improper factor when explaining basis for sentence, plain error review applies).  To establish plain error, Estrada must show that 1) the court erred, 2) the error is clear and obvious, and 3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  Even when this burden is met, this court has discretion whether to recognize the error, and should not do so unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 736 (internal quotation marks and alterations omitted).

Here, the district court did not impose an eight-level enhancement under USSG § 2L1.2.  It did, however, consider that Estrada's circumstances were not far removed from those of others who received the enhancement.  Estrada argues that such consideration was improper and could not serve as the basis for

5

an upward departure, particularly when his prior conviction did not qualify him for the enhancement. Estrada offers no legal authority for his assertion that such consideration by the district court constituted error. Furthermore, his argument ignores the fact that the district court's upward variance was grounded in its consideration of other § 3553(a) factors.

The district court emphasized Estrada had been deported twice before and that he had been convicted of trafficking in methamphetamine, a dangerous and harmful drug. The court further noted Estrada's disregard for the laws of this country. The variance was thus based not only on the need to avoid unwarranted sentencing disparities among similarly situated defendants, but the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public, and to promote respect for the law.

We conclude that the district court adequately tied its decision to vary upward nine months to the § 3553(a) factors and that Estrada's sentence is substantively reasonable. Thus, the district court's decision to depart nine months above the Guidelines range is supported by the record and does not constitute an abuse of discretion.

Accordingly, we affirm Estrada's sentence. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED