**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4746**

———————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

HENDRICK A. COUSAR, a/k/a Tony,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District Judge.  (0:11-cr-02276-JFA-3)

———————————

Submitted:  August 20, 2013      Decided:  August 27, 2013

———————————

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Edye U. Moran, MORAN LAW OFFICES, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Julius N. Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hendrick A. Cousar appeals his conviction and 240-month sentence imposed following the jury verdict finding him guilty of conspiracy to distribute 280 grams or more of cocaine base ("Count One"), in violation of 21 U.S.C. § 846 (2006), and distribution of 28 grams or more of cocaine base ("Count Six"), in violation of 21 U.S.C. § 841(a) (2006). On appeal, counsel argues that (1) the district court abused its discretion in refusing to give a proposed jury instruction advising the jury that Cousar could not be convicted on Count One for conspiring with a government agent, and (2) the district court imposed an unreasonable sentence on Count Six. Finding no reversible error, we affirm.

We review a district court's decision to give or refuse to give a particular jury instruction for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). We generally must "defer to a district court's decision to withhold a defense in a proposed jury instruction in light of that court's superior position to evaluate evidence and formulate the jury instruction." United States v. Powell, 680 F.3d 350, 356 (4th Cir.), cert. denied, 133 S. Ct. 376 (2012) (internal quotation marks and alterations omitted).

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there

2

exists evidence sufficient for a reasonable jury to find in his favor." Matthews v. United States, 485 U.S. 58, 63 (1988); see Powell, 680 F.3d at 356; see also United States v. Hicks, 748 F.2d 854, 857 (4th Cir. 1984) ("[A] defendant is entitled to an instruction submitting to the jury any theory of defense for which there is a foundation in the evidence."). If this requirement is met, a district court commits reversible error when it fails to provide an instruction requested by a defendant only if the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted).

Cousar argues that the district court committed reversible error in failing to instruct the jury that he could not be convicted of conspiring only with a government agent. Cousar relies in part on language from Hicks to argue that the trial judge invaded the jury's fact-finding function by considering whether the evidence was sufficient to support the proposed instruction.

In Hicks, this court cited with approval the Fifth Circuit's statement that:

3

> If the trial judge evaluates or screens the evidence supporting a proposed defense, and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from the jury's consideration. In effect, the trial judge directs a verdict on that issue against the defendant. This is impermissible.

Hicks, 748 F.2d at 857-58 (quoting Strauss v. United States, 376 F.2d 416, 419 (5th Cir. 1967)). However, Hicks itself recognized that the appellant had a constitutional right to a jury instruction on his alibi defense only if "there was sufficient alibi evidence to permit the factfinder to pass on the issue." Hicks, 748 F.2d at 857. Similarly, viewing the Strauss reference in context, the Fifth Circuit did not hold that the trial judge was required to submit to the jury instructions unsupported by the record. While concluding that the trial judge cannot determine whether the requested instruction relates to "a believable or sensible defense," Strauss recognized that the judge is tasked with "decid[ing] whether the facts constituting the defense framed by the proposed charge, if believed by the jury, are legally sufficient to render the accused innocent," and need only "be cautious and unparsimonious in presenting to the jury all of the possible defenses which the jury may choose to believe." Id. (emphasis added). Our more recent opinions also have recognized that the trial court need not provide an instruction that is not supported by the evidence adduced at trial. E.g., Powell, 680

4

F.3d at 357 (affirming denial of proposed jury instruction on "advice-of-counsel defense" after concluding district court properly found defendant "failed to provide evidence from which a reasonable jury might find" in favor of that defense).

Cousar also argues that United States v. Lively, 803 F.2d 1124 (11th Cir. 1986), is analogous to his case and compels a finding that the district court committed reversible error. However, we find this case readily distinguishable. In Lively, the Eleventh Circuit found reversible error in the district court's failure to give a defendant's proposed instruction that he could not have conspired with a government agent to distribute cocaine. Id. at 1128. The court concluded that the trial evidence was sufficient to support a jury finding that the alleged conspiratorial agreement arose only after the defendant's coconspirator became an informant. Id. at 1127-28. Moreover, the timing of the agreement was crucial to the theory of defense—that the defendant was unaware of his alleged coconspirator's intent to distribute cocaine until after the coconspirator became a government agent. See id. at 1128.

Here, the evidence adduced at trial simply did not support a finding that Cousar conspired only with a government agent. While Cousar interacted with a government informant—his codefendant Laventa Murray—on two occasions, the evidence supported a finding that Cousar entered the charged conspiracy

5

with Murray, if at all, only before Murray became an informant. The evidence adduced at trial therefore did not provide a foundation for the proposed instruction.

Moreover, the district court's refusal to give the proposed charge did not impede Cousar's ability to conduct his defense. In his defense, Cousar argued only that the alleged coconspirators who testified against him were lying and that he was not involved in their crack distribution activities. Cousar's ability to argue this theory was in no way affected by the court's refusal to provide the requested instruction. We therefore conclude that the district court did not abuse its discretion in refusing to give this charge.

Cousar next asserts that the district court imposed a procedurally and substantively unreasonable sentence as to Count Six. Cousar asserts that the district court improperly imposed a sentence above the Guidelines range, failed to adequately consider the 18 U.S.C. § 3553(a) (2006) factors or explain its chosen sentence, and imposed a sentence greater than necessary to fulfill the goals of sentencing. However, Cousar could not have received a sentence lower than the one the district court imposed, given the 240-month statutory mandatory minimum sentence applicable to Count One. The sentence he received for Count Six also was within the statutory sentencing range for that offense. Thus, any error the court committed in imposing

6

concurrent sentences of 240 months on these counts is harmless. See <u>United States v. Mehta</u>, 594 F.3d 277, 283 (4th Cir. 2010) (recognizing that procedural sentencing error is harmless "if the resulting sentence was not longer than that to which the defendant would otherwise be subject" (internal quotation marks and alteration omitted)); <u>United States v. Lynn</u>, 592 F.3d 572, 576, 585 (4th Cir. 2010) (applying harmless error analysis to procedural sentencing error, and recognizing that error is harmless if "it did not have a substantial and injurious effect or influence on the result" (internal quotation marks omitted)); <u>see also</u> <u>United States v. Farrior</u>, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is per se reasonable.").

Accordingly, we affirm the district court's judgment. We deny Cousar's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7