**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4454**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

VINCENT DONTA WHITE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:16-cr-00026-JAB-1)

---

Submitted:  July 27, 2017                                    Decided:  July 31, 2017

---

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Kyleigh E. Feehs, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Donta White pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court adopted the presentence report without objection, applying an enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2015) because White had committed the firearm offense after sustaining the following North Carolina felony convictions: assault by strangulation; sell and deliver cocaine; conspiracy to possess with intent to sell and deliver cocaine; and conspiracy to sell and deliver cocaine. The district court sentenced White to a below-Guidelines sentence of 103 months in prison.

White appeals the district court's application of the enhancement, arguing that his North Carolina conspiracy convictions do not qualify as "controlled substance" offenses as defined in the Sentencing Guidelines. Because White did not raise his claim below, our review is for plain error. *United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010). To establish plain error, White must show that an error occurred, that it was plain, and that it affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). We will not exercise our discretion to correct plain error unless the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Section 2K2.1(a)(2) of the U.S. Sentencing Guidelines Manual provides for a base offense level of "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2) (2015). White concedes that,

regardless of whether his two conspiracy convictions qualify as controlled substance offenses, his assault and distribution convictions satisfy the requirements of USSG §2K2.1(a) such that the district court did not err in applying the enhancement. To the extent that White complains that the district court improperly considered the conspiracy convictions in its determination of his sentence, we conclude that the district court correctly considered White's criminal history as part of its analysis of the factors set forth in 18 U.S.C. § 3553(a) (2012). Because White cannot establish that any alleged error affected his substantial rights, we affirm the district court's judgment. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*