**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4533**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LINWOOD WILSON,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:23-cr-00003-D-RJ-1)

—————————

Submitted:  September 30, 2024                    Decided:  October 24, 2024

—————————

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Linwood Wilson pled guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; and distributing and aiding and abetting distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court imposed a 162-month term of imprisonment. Finding no reversible error, we affirm.

At sentencing, Wilson argued in mitigation that a sentence within the Sentencing Guidelines range would essentially be a life sentence given his serious health conditions and decreased life expectancy. In imposing Wilson's sentence, the district court acknowledged Wilson's arguments regarding his poor health but emphasized his long history of recidivism and drug dealing. On appeal, Wilson challenges his sentence as procedurally and substantively unreasonable. First, he asserts that the district court failed to address his argument that a sentence within the Guidelines would equate to a life sentence. Second, Wilson contends that his sentence is substantively unreasonable as a *de facto* life sentence for run-of-the-mill drug dealing.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 52 (2007). We first consider whether the sentencing court committed "significant procedural error," including inadequate explanation of the sentence imposed. *Id.* at 51; *see United States v. Lynn,* 592 F.3d 572, 575 (4th Cir. 2010). In explaining its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir.

2

2020) (cleaned up).  That said, we "will not vacate [a] sentence simply because the [district] court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

If we find the sentence procedurally reasonable, we also consider its substantive reasonableness under the totality of the circumstances.  *Lynn,* 592 F.3d at 575.  The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).  We presume on appeal that a within-Guidelines-range sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  *Montes–Pineda,* 445 F.3d at 379 (internal quotation marks omitted).

Upon review, we find Wilson's sentence both procedurally and substantively reasonable.  Procedurally, we find it "patently obvious" that the court considered and rejected Wilson's mitigation argument that a Guidelines sentence could result in a *de facto* life sentence. *See Montes-Pineda*, 445 F.3d at 381.  Therefore the sentence is procedurally reasonable.   Regarding substantive reasonableness, Wilson has not rebutted the presumption that his within-Guidelines-range sentence is reasonable under the § 3553(a) factors.  Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3