**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5097**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

SHONDREKA J. SHIPPY,

                Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:09-cr-00576-HMH-2)

Submitted:  May 3, 2010                 Decided:  May 24, 2010

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shondreka Shippy appeals her conviction and thirty-month sentence after pleading guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 (2006). Shippy asserts that the district court erred when it: (i) sentenced her without expressing a specific rationale for the sentence imposed; and (ii) overruled her objection based on her leadership role in the criminal activity to which she pled guilty. Taking Shippy's assertions in reverse order, we find that the district court did not err when it applied the leadership enhancement to Shippy's offense level and that the district court's explanation for Shippy's sentence was sufficient and, accordingly, affirm the district court's judgment.

The district court's determination that Shippy had a leadership role in the bank fraud scheme is a factual finding that we review for clear error. See United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). To qualify for a four-level increase under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2008), a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Indicia of leadership or organizational roles, as opposed to managerial or supervisory roles, include: (1) the exercise of decision-making authority; (2) the nature of participation in the offense;

2

(3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. USSG § 3B1.1, cmt. n.4. "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). Moreover, more than one person may qualify as a leader or organizer of a criminal association or conspiracy. USSG § 3B1.1, cmt. n.4.

Shippy relies on this court's decision in United States v. Chambers, 985 F.2d 1263 (4th Cir. 1993), and asserts that her sentence should be vacated because the district court failed to provide specific reasons for applying the enhancement. It is true that, in Chambers, this court vacated the district court's sentence and remanded for further proceedings because, "without specific factual findings showing that the district court evaluated the defendant's role in the offense in light of the factors in [USSG § 3B1.1] . . ., we cannot conduct meaningful appellate review of this issue." Id. at 1269. Unlike in Chambers, however, we can discern from the district court's comments and discussions with those present at Shippy's sentencing, as well as its explicit adoption of the presentence investigation report's detailed factual findings and

3

calculations, that the district court evaluated Shippy's role in the bank fraud scheme in light of the USSG § 3B1.1 factors. Accordingly, we reject Shippy's assertion.

We also find that the district court's explanation for the sentence it imposed did not amount to procedural error. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review for preserved error. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th

4

Cir. 2009). In evaluating the district court's explanation for a selected sentence, this court has consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2006) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "may not presume that the Guidelines range is reasonable," but "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50.

The district court's explanation "need not be elaborate or lengthy[,]" however. Carter, 564 F.3d at 330. "That is especially true where, as here, the sentence is inside the advisory guidelines range." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). As we recently noted: "Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation." Id. (internal citations, quotation marks and brackets omitted). "This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal

sentencing policy." Id. (internal quotation marks and citation omitted).

If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. Carter, 564 F.3d at 328. We presume that a sentence within the Guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The record of Shippy's sentencing hearing "make[s] clear that the sentencing judge considered [Shippy's] evidence and arguments in fashioning its sentence[,]" and that it "understood [Shippy's] arguments for a [concurrent] sentence and had reasons for rejecting those arguments." United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010) (distinguishing Lynn's case from the situation faced by the sentencing court in Rita and recognizing that "[n]o such discussion or questioning occurred" at Lynn's sentencing and that "the only time the district court even acknowledged the defendant's arguments was after it had imposed sentence" and even then "did so obliquely"); see also Rita, 551 U.S. at 356 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The record also establishes that the district court adequately

6

considered the § 3553(a) factors and determined that the statute's objectives would be accomplished with the sentence he chose. See Gall, 552 U.S. at 54-56 (considering the district court's colloquy with the Government to determine whether the district court adequately considered the relevant § 3553(a) factors before fashioning its sentence). We accordingly presume the reasonableness of Shippy's within-Guidelines sentence. Allen, 491 F.3d at 193.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED