**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5106**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHNNIE BLACK,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:09-cr-00022-JRS-1)

_____

Submitted:  July 9, 2010                    Decided:  July 26, 2010

_____

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Valencia Roberts, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie Black pleaded guilty to possession of firearms and ammunition by a convicted felon and received a fifty-month sentence. On appeal, Black argues that his sentence is procedurally unreasonable because the court did not sufficiently explain the basis for the sentence imposed. We agree that the sentence is procedurally unreasonable and remand for resentencing.

Counsel asserts that the district court committed procedural error because it did not adequately consider the mitigating issues raised by Black or refer to 18 U.S.C. § 3553(a) (2006) prior to imposing the sentence. The Government argues that the procedural reasonableness of the sentence is to be reviewed for plain error, and that Black cannot demonstrate prejudice. The Government contends that even if the sentence is reviewed for harmless error, none resulted because of Black's extensive criminal history and he was attempting to shoot into an occupied vehicle while illegally possessing a firearm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161

(4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this Court] review[s] for abuse of discretion" and will reverse if such an abuse of discretion is found unless the Court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citations and quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party

sufficiently "preserves its claim." Lynn, 592 F.3d at 578. When counsel requests a sentence at the bottom of the Guidelines range or below, the error is preserved. Id. at 581.

We conclude that, under Lynn, Black's arguments in the district court for a sentence at the lower end of the Guidelines range preserved his claim of procedural sentencing error on appeal. Lynn, 592 F.3d at 581. These arguments "sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments." Id. at 578. Therefore, the court reviews any procedural sentencing error for abuse of discretion and reverses unless the error was harmless. Id. at 579.

The district court erred because it failed to explain why it imposed the chosen sentence. See Lynn, 592 F.3d at 581-82. The court did not address the mitigating factors raised by Black, nor provide any other reason for choosing the sentence imposed. We cannot presume that the district court simply adopted the Government's arguments. The error was not harmless because the district court's lack of explanation for imposing this condition resulted in "a record insufficient to permit even routine review for substantive reasonableness." Id. at 582 (citation and quotation marks omitted).

We therefore vacate the sentence and remand for re-sentencing. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED