**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4324**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANILO ALDUBLIN-ROBLETO, a/k/a Danilo Albudin, a/k/a Danilo Anthony, a/k/a Danila A. Robletto,

        Defendant – Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:09-cr-00347-PJM-1)

---

Submitted:  December 13, 2010      Decided:  January 5, 2011

---

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Joanna Silver, Staff Attorney, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, George J. Hazel, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danilo Aldublin-Robleto appeals the fifty-seven-month sentence imposed after pleading guilty to reentry of an alien deported after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Aldublin-Robleto contends that the sentence was procedurally unreasonable because, essentially, the district court refused to make an individual assessment of the facts. Finding no reversible error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552

2

U.S. at 50) (internal footnote omitted).  Upon review, we conclude that the district court provided an adequate individualized assessment, taking into account counsel's arguments for a below-Guidelines sentence, and did not abuse its discretion in imposing Aldublin-Robleto's fifty-seven-month sentence.  See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly preserved procedural sentencing error); see also Gall, 552 U.S. at 46.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED