**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5325**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARLOS PEREZ-JIMENEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:10-cr-00540-HMH-1)

Submitted: June 21, 2011       Decided: August 5, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Perez-Jimenez appeals the thirty-month sentence imposed following his guilty plea to one count of illegally reentering the United States having been deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Perez-Jimenez asserts that his sentence was procedurally unreasonable because the district court did not adequately explain the chosen sentence. For the following reasons, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d

2

325, 330 (4th Cir. 2009) (internal quotation marks and footnote omitted). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). The sentencing court need only show "'that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" Id. An explanation is adequate when it "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." Gall, 552 U.S. at 50. Although Perez-Jimenez did not specifically object to the alleged inadequacy of the district court's ruling at sentencing, he preserved the issue for appeal by drawing on § 3553(a) sentencing factors to request a below-Guidelines sentence. See United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010).

Our review of the record reveals that the district court rendered a sufficiently individualized assessment to permit appellate review of the sentence. The court noted its consideration and rejection of Perez-Jimenez's request for a below-Guidelines sentence, and imposed a sentence within the properly-calculated Guidelines range. Accordingly, we affirm as reasonable the sentence imposed by the district court. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED