**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5286**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

CHARLES A. HARDEE,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:08-cr-01172-TLW-1)

———————

Submitted:  August 26, 2011     Decided:  September 13, 2011

———————

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles A. Hardee pleaded guilty to possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West 2006 & Supp. 2011), and the district court sentenced Hardee to 108 months of imprisonment. In a prior appeal, we affirmed Hardee's conviction but vacated and remanded to allow the district court to more fully explain the reasons for the chosen sentence. On resentencing, the district court again sentenced Hardee to 108 months of imprisonment and Hardee again appeals. Finding no error, we affirm.

On appeal, Hardee argues that the district court again failed to adequately explain its reasons for the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Here, as Hardee requested a sentence outside the advisory Guidelines range and the district court again sentenced

2

him within that range, we review this issue for abuse of discretion. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (claim for failure to adequately explain sentence preserved if defendant argues for a sentence other than that imposed).

A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory Guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). We have reviewed the record and conclude that the district court complied with these obligations. The court thoroughly explained its reasons for imposing a sentence within the advisory Guidelines range, for concluding that a sentence at the high end of that range was appropriate, and for rejecting each of Hardee's sentencing arguments.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid in the decisional process.

AFFIRMED