**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4308**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

AURELIO MARTINEZ-MARTINEZ,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00346-TDS-1)

─────────────

Submitted:  November 14, 2011       Decided:  November 22, 2011

─────────────

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aurelio Martinez-Martinez ("Martinez") pled guilty to illegal reentry after removal as a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court sentenced him to sixty months' imprisonment, a variance of three months above the Guidelines range. On appeal, Martinez challenges the procedural and substantive reasonableness of his sentence. We affirm.

Martinez first contends that the district court procedurally erred by failing to address his nonfrivolous arguments for a sentence at or below the Guidelines range. This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010)

2

("[A]n individualized explanation must accompany every sentence.").

Our review of the sentencing transcript leads us to conclude that the district court considered and rejected Martinez's arguments for a sentence at or below the Guidelines range based upon his history of substance abuse, the over-representation of his criminal history, and his cultural assimilation. Martinez correctly notes that the district court did not address explicitly his request for a downward departure or variance based upon a sentencing disparity between defendants sentenced in fast-track jurisdictions and those who were not.[1] See 18 U.S.C. § 3553(a)(6); U.S. Sentencing Guidelines Manual § 5K3.1, p.s. (2010). However, a sentencing court need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006); see Perez-Pena, 453 F.3d at 242-44 (holding that sentence disparity between defendants in fast-track and non-fast-track jurisdictions is not "unwarranted" within meaning of § 3553(a)(6)). Because the district court thoroughly explained its reasons for the sentence imposed, we conclude that the district court committed no procedural error.

---

[1] See United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006) (describing fast-track program).

Because there is no procedural error, we next review the substantive reasonableness of Martinez's sentence by "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Mendoza-Mendoza, 597 F.3d at 216. "Where, as here, the district court decides that a sentence outside the advisory range is appropriate, [the court] 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (quoting Gall, 552 U.S. at 50). "A major departure from the advisory range 'should be supported by a more significant justification than a minor one.'" Id. (quoting Gall, 552 U.S. at 50). Even if we would have imposed a different sentence, that fact alone will not justify vacatur of the district court's sentence. Gall, 552 U.S. at 51.

Martinez challenges the district court's decision not to vary downward on the basis of alleged sentencing disparities resulting from the availability of fast-track programs in other jurisdictions. He questions whether the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), calls Perez-Pena into question and relies on authority from another circuit as support for his argument that courts may

4

consider fast-track disparity in the § 3553(a) analysis. Even assuming, without deciding, that district courts may consider a possible sentencing disparity based upon the absence of a fast-track program, the record in this case demonstrates that the district court rejected Martinez's arguments.

In its explanation supporting the imposition of a three-month upward variance, the district court considered the totality of the circumstances and found that Martinez repeatedly reentered the United States without permission, had not been deterred from such action by his prior sentences, and had committed a felony drug trafficking offense after the last illegal reentry. The court acknowledged Martinez's motivation in returning to the United States but noted that such motivation did not excuse his illegal reentry. Thus, the district court's findings indicate that the court would not have downwardly departed or varied from the Guidelines range under the circumstances of this case.[2]

Next, Martinez asserts that his sentence is substantively unreasonable because the district court did not consider his cultural assimilation and his history of substance

---

[2] To the extent Martinez claims that he would have qualified for a fast-track disposition, we conclude that the record belies his claim. See United States v. Ramirez, 652 F.3d 751, 757-58 (7th Cir. 2011) (discussing requirements to qualify for fast-track disposition); see Perez-Pena, 453 F.3d at 239 (same).

5

abuse.[3]  The district court recognized that Martinez moved to the United States with his family when he was eleven years old, had lived in the United States for eight years before being deported for the first time, and had a history of substance abuse. Although the court noted that Martinez had family in North Carolina and wanted to support his children, the court balanced those factors against his illegal reentry into the United States on five prior occasions, his commission of a felony drug trafficking offense, and his failure to be deterred by prior sentences for illegal reentry.  We therefore conclude that the district court adequately tied its decision to vary upward three months to the § 3553(a) factors and that Martinez's sentence is substantively reasonable.

Accordingly, we affirm Martinez's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3] Although he also asserts that the district court failed to consider the over-representation of his criminal history, Martinez concedes that he is not entitled to relief on this claim.