**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5176**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN WESLEY ROBINSON, JR.,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:08-cr-00586-CCB-1)

─────────────

Submitted:  January 30, 2012      Decided:  February 6, 2012

─────────────

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Ebise Bayisa, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Clinton J. Fuchs, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Wesley Robinson, Jr., was convicted by a jury of unlawfully possessing a firearm while a convicted felon, and was sentenced to a term of 110 months' imprisonment. Robinson appeals his sentence, contending that the district court erred in applying a 2-level enhancement for a stolen firearm, U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) (2009), and that his sentence was unreasonable. We affirm.

Robinson contends that the district court committed legal error when it applied the stolen gun enhancement, given that there was no evidence he knew the gun was stolen. He argues that, under those circumstances, the enhancement was inconsistent with federal law and did not further the goals of sentencing. Robinson's argument is foreclosed by our decision in United States v. Taylor, 659 F.3d 339, 343-44 (4th Cir. 2011) (holding that lack of mens rea requirement does not invalidate § 2K2.1(b)(4)(A) enhancement).

We review a sentence for reasonableness under an abuse of discretion standard, Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the

2

defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within a properly calculated Guidelines range may be presumed substantively reasonable by the appellate court. Taylor, 659 F.3d at 345.

Robinson maintains that the enhanced base offense level he received under § 2K2.1(a)(2) in light of his two prior felony convictions for rape and drug distribution overstates the seriousness of his criminal history and resulted in a substantively unreasonable sentence. He also argues that the sentence is greater than necessary because (1) he simply possessed the gun; (2) the district court failed to consider his steady employment and close family ties; (3) the sentence is much longer than his previous sentences; and (4) the sentence will impede his rehabilitation.

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The court properly calculated Robinson's advisory Guidelines range, considered the relevant § 3553(a) factors, and gave a reasoned explanation for the sentence imposed within the applicable sentencing range. Robinson has not overcome the presumption of reasonableness afforded his within-Guidelines sentence.

3

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED