**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4764**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RANDALL H. ROBERTSON,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:10-cr-00263-DCN-1)

───────────

Submitted: January 26, 2012    Decided: February 10, 2012

───────────

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William Nettles, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall H. Robertson pled guilty to possessing child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2011). Although Robertson's Guidelines sentencing range was 87-108 months, Robertson sought a variance to a noncustodial, supervisory sentence. The district court rejected Robertson's request for a noncustodial sentence, but agreed that a variant sentence was appropriate. It accordingly imposed an active prison term of forty-two months' imprisonment. Robertson challenges the reasonableness of this sentence on appeal. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, we assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has

2

considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Robertson asserts that the district court failed to give a particularized explanation for the sentence in open court. Even assuming, however, that the court's explanation during the sentencing hearing did not satisfy Carter and Lynn, we agree with the Government's assertion that any procedural error is harmless.

The district court issued a sentencing order placing on the record a thorough explanation of the reasons for its chosen sentence. The sentencing order, as well as the court's interactions with the parties and Robertson during the sentencing hearing, reflects the district court's familiarity with Robertson's particular circumstances. We are unpersuaded by Robertson's arguments to the contrary. Thus, any procedural error occasioned by the court's articulation of the basis for the chosen sentence in a written order rather than in open court did not prejudice any of Robertson's substantial rights.

Turning to the substantive reasonableness of the sentence, we may presume that a sentence within the Guidelines range is reasonable; however, we may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 552 U.S. at

3

51; see United States v. Tucker, 473 F.3d 556, 560-62 (4th Cir. 2007) (reviewing district court's variance sentence for reasonableness). Rather, in reviewing a sentence outside the Guidelines range, this court must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citation omitted). The substantive reasonableness of the sentence "entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted).

Here, the district court explained its reasons both for imposing a below-Guidelines sentence and for declining to grant Robertson's request for a noncustodial sentence. While the district court's explanation was not extensive, it meaningfully referenced the § 3553(a) factors and provided an adequate basis for appellate review. Especially considering that the court's variant sentence worked significantly to Robertson's advantage, we have no difficulty concluding that the sentence imposed by the district court is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED