**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4971**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC PETE CRADDOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00236-D-2)

Submitted:  April 30, 2012            Decided:  May 9, 2012

Before WILKINSON, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Pete Craddock pled guilty to conspiracy to possess with intent to distribute and distribution of crack cocaine and stipulated in his plea agreement that he was responsible, for sentencing purposes, for 16.8 to 22.4 grams of crack. The district court varied above the sentencing Guidelines range of 46-57 months and imposed a sentence of sixty-six months.[*] Craddock appeals his sentence, contending that the upward variance resulted in a substantively unreasonable sentence. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A "deferential abuse-of-discretion standard applies to any sentence, whether inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal citation and quotation

---

[*] At sentencing, both Craddock and the government took the position that, under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), the statutory minimum sentence of sixty months did not apply. The district court tentatively adopted that position, and in its sealed statement of reasons confirmed that the five-year mandatory minimum was inapplicable.

2

marks omitted). In reviewing any variance, the appellate court must give due deference to the sentencing court's decision. United States v. Diosdado Star, 630 F.3d 359, 366 (4th Cir.) (citing Gall, 552 U.S. at 56), cert. denied, 131 S. Ct. 2946 (2011). Here, the court varied upward by nine months.

Craddock concedes that his sentence is procedurally reasonable, but argues that it is substantively unreasonable because the mandatory minimum sentence, which was greater than the Guidelines range, provided adequate deterrence and incapacitation. The district court gave an individualized assessment of Craddock's situation in light of the § 3553(a) factors, and decided that the likelihood of his recidivism was high and the need to protect the public was not met sufficiently by the Guidelines sentence. The district court's determination warrants our deference. See United States v. Jeffery, 631 F.3d 669, 679-80 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011). We conclude that the district court did not abuse its discretion and that the variance was not substantively unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED