**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4825**

—————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

CIPRIANO DIAZ-GALIANA, a/k/a Vincente Diaz-Rosas, a/k/a
Vincente Diaz Rosas, Vincente Diaz,

               Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Dever, III,
Chief District Judge. (7:10-cr-00071-D-1)

—————

Submitted: June 5, 2012           Decided: June 19, 2012

—————

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

W. H. Paramore, III, W. H. PARAMORE, III, P.C., Jacksonville,
North Carolina, for Appellant. Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cipriano Diaz-Galiana appeals his 120-month sentence following a guilty plea to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326 (2006). On appeal, Diaz-Galiana argues that the district court erred in upwardly departing under the Sentencing Guidelines. Finding no reversible error, we affirm.

Prior to sentencing, the presentence investigation report ("PSR") calculated Diaz-Galiana's base offense level at eight, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2 (2010), with a twelve-level enhancement for specific offense characteristics, pursuant to USSG § 2L1.2(b)(1)(B), and a three-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(b). Diaz-Galiana's adjusted offense level of seventeen, combined with a category IV criminal history, yielded an advisory Guidelines range of thirty-seven to forty-six months' imprisonment. At sentencing, the district court determined that the PSR incorrectly calculated Diaz-Galiana's criminal history category, reducing his criminal history to a category III. Thus, Diaz-Galiana's Guidelines range became thirty to thirty-seven months in prison.

In addition, the district court found that Diaz-Galiana's advisory Guidelines range failed to adequately reflect the nature and seriousness of his criminal history, or the

2

likelihood that he would commit future crimes. Pursuant to USSG § 4A1.3, the court increased Diaz-Galiana's criminal history category to VI and increased his offense level to twenty-one. The court also found that Diaz-Galiana's advisory Guidelines range failed to take into account his dismissed and uncharged conduct, further increasing his offense level to twenty-four pursuant to USSG § 5K2.21, yielding an advisory range of 100 to 125 months' imprisonment. The court sentenced Diaz-Galiana to 120 months in prison, and Diaz-Galiana appealed, arguing that the court's upward departure was excessive in light of the 18 U.S.C. § 3553(a) (2006) factors.

We review a sentence imposed by the district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). When reviewing a departure, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citation omitted).

Pursuant to USSG § 4A1.3(a)(1), a court may upwardly depart from the Guidelines range if the court determines that "the defendant's criminal history category substantially under-

represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." In making this determination, the court may consider prior sentences not used in calculating the defendant's criminal history, as well as prior criminal conduct not resulting in a criminal conviction. USSG § 4A1.3(a)(2). In addition, under USSG § 5K2.21, a court may depart upward to "reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range."

We find that the district court did not abuse its discretion in upwardly departing, as the record contains ample evidence to support the court's judgment. Diaz-Galiana's category III criminal history significantly underrepresented his extensive criminal conduct, including uncounted convictions for accessory after the fact to murder, drug trafficking, and carrying a concealed weapon. Moreover, Diaz-Galiana's five prior convictions for illegally reentering the United States, coupled with seven additional occasions resulting in Diaz-Galiana's voluntary removal or detainment, reveal a history of recidivism unaccounted for in his advisory Guidelines range. In addition, the court properly weighed the significance of the dismissed charge against Diaz-Galiana, possession of a firearm

4

by an illegal alien, given that Diaz-Galiana was found in possession of seven firearms and over 1,000 rounds of ammunition at the time of his arrest.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>