**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4334**

———————————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

BOBBY JULIAN BATTS,

                 Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:10-cr-00209-FL-1)

———————————

Submitted: March 19, 2013          Decided: March 28, 2013

———————————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Ronald Cohen, Wilmington, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Julian Batts appeals the 303-month sentence imposed following his guilty plea to being a convicted felon in possession of one or more firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Batts argues that the district court's upward departure resulted in a substantively unreasonable sentence. We reject this argument and affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When the district court imposes a departure or variance sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356

(2007)) (alteration omitted), cert. denied, 131 S. Ct. 2946 (2011).

Where, as here, the defendant does not challenge the procedural reasonableness of his sentence,[*] we review only the substantive reasonableness of the sentence, applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In doing so, this court assesses "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [(2006)] factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. We must "take into account the totality of the circumstances, including the extent of [the] variance from the Guidelines range." Id. at 51. A more significant "departure should be supported by a more significant justification." Id. at 50.

Batts argues that, in light of his serious medical conditions, which are undisputed, the district court abused its discretion and imposed a substantively unreasonable sentence by upwardly departing based on the under-representation of his criminal history. We disagree. Despite Batts' assertion to the contrary, our review of the record confirms that the district

---

[*] Indeed, appellate counsel concedes that there is no basis for challenging the procedural reasonableness of Batts' sentence.

3

court did indeed factor Batts' health conditions into the sentencing calculus, but simply rejected the argument that they warranted a reduced sentence. Instead, the court reasoned that the 303-month departure sentence was justified by Batts' protracted history of violence; Batts' chronic recidivism, which was unabated despite his medical conditions; and the need for the sentence to protect the public, deter future criminality, and promote respect for the law. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

On this record, we discern no basis on which to conclude that the court abused its discretion by either departing upward or as to the extent of that departure. Rather, the district court's upward departure decision "reflects a thorough, individualized assessment of [Appellant's] situation, in light of the § 3553(a) factors." United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012). Accordingly, we hold the sentence is substantively reasonable and affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4