**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4805**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARK ANTHONY BOWENS,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.   (3:10-cr-00225-RJC-1)

───────────

Submitted:  May 30, 2013              Decided:   June 10, 2013

───────────

Before AGEE, DAVIS, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, Asheville, North Carolina, for Appellant.   Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Bowens (Bowens) pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2013). The district court varied upward from the armed career criminal Guidelines range, see U.S. Sentencing Guidelines Manual § 4B1.4 (2011), and imposed a sentence of 264 months' imprisonment. Bowens appeals his sentence, contending that the district court committed procedural and substantive error in sentencing him. We affirm.

On the evening of January 17, 2010, Bowens was asked to leave a bar in Charlotte, North Carolina. He returned a short time later armed with a shotgun and a handgun and accompanied by his cousin, Rodney Bowens, who had a handgun. Bowens went into the bar and shot a man there. The bouncer, William Boyd, pushed Bowens and his cousin outside, where they struggled. Both Rodney and Mark Bowens pointed guns at Boyd, who was able to move the shotgun aside; he was shot in the leg instead of the stomach. When the bar owner, Roosevelt Hinton, came outside armed with his own gun, Bowens aimed at him. Hinton shot Bowens in the stomach and then in the head. Rodney Bowens ran away. Bowens suffered some permanent injuries, including the loss of his right eye.

Bowens had two prior convictions for drug trafficking and a second-degree murder conviction, which qualified him for

2

sentencing as an armed career criminal. See 18 U.S.C.A. § 924(e); USSG § 4B1.4. His advisory Guidelines range was 188-235 months. The district court determined that an upward variance to a sentence of 264 months was necessary because the armed career criminal sentence was insufficient to take into account "the seriousness of the past criminal activity and the likelihood that Mr. Bowens would engage in future criminal activity[.]" The court decided that, in light of Bowens' criminal history and because of the "degree of violence" committed by Bowens in the current offense, "the protective function of the court" was "paramount" in its sentencing decision.

We review sentences for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In reviewing any variance, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties'

3

arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011), (citing Gall, 552 U.S. at 56); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted).

Bowens contends that the district court procedurally erred by failing to address his "substantial" argument for a sentence within the Guidelines range because his advanced age and his expected participation in programs available through the Bureau of Prisons (BOP) would reduce the likelihood that he would commit further crimes upon his release. However, in the district court, Bowens did not make this argument as cogently as he suggests here. In his sentencing memorandum, he stated that educational, vocational, and rehabilitative training provided by the BOP "should diminish the likelihood that he will reoffend in the future." At the sentencing hearing, defense counsel mentioned that Bowens would be over fifty years old at his release. To the extent that the training-and-age argument was presented to the district court, we conclude that the district court considered and implicitly rejected it as a sufficient reason to impose a within-Guidelines sentence.

Even if the court's failure to specifically address Bowens' age and opportunities for training in prison before

imposing sentence rendered its explanation for the sentence insufficient, any error was harmless under United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Under harmless error review, the government may avoid reversal if the error "did not have a substantial and injurious effect or influence on the" result and "we can [ ] say with . . . fair assurance, . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." 592 F.3d at 585 (internal citations and quotation marks omitted). Here, the district court reviewed Bowens' criminal history and the nature and circumstances of the offense, and explained that its desire to protect the public from further crimes by Bowens was its principal reason for imposing an above-Guidelines sentence. The record does not suggest that the court would have imposed a different sentence if it had addressed Bowens' age on release or his training prospects directly, nor that the court would impose a different sentence on remand, if directed to resentence Bowens and address these factors directly.

Bowens also asserts that substantive error occurred in that the variance resulted in a greater than necessary sentence because (1) the armed career criminal Guidelines sentence would adequately account for the violent nature of his current offense and his criminal history, and (2) the district court failed to consider that Bowens' age at release and training in prison

5

would obviate his likelihood of reoffending and make deterrence or protection of the public a lesser concern.

However, the district court assessed these factors differently. Bowens had committed murder in the past and, in the course of the instant offense, he shot two people and tried to shoot a third. The court concluded that protection of the public was a sufficient concern that an upward variance was warranted. The district court need not identify "extraordinary circumstances" to justify an upward variance, even when the variance is a major one. Diosdado-Star, 630 F.3d at 366 (internal quotation and citation omitted). We conclude that the district court adequately explained its decision to vary and did not abuse its discretion by varying upward by twenty-nine months.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED