**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4211**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

QUINTON JAMES MCNEIL,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:12-cr-00212-FL-1)

───────────

Submitted: November 26, 2013      Decided: December 4, 2013

───────────

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton James McNeil appeals the thirty-month departure sentence imposed following his guilty plea to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). On appeal, McNeil argues that the district court committed procedural error by failing to address one of his arguments in favor of a within-Guidelines sentence and that the extent of the departure rendered his sentence substantively unreasonable. We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When the district court imposes a departure or variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

McNeil first argues that his sentence is procedurally unreasonable because the district court failed to address

2

McNeil's argument that his immediate and significant assistance to the police warranted a within-Guidelines sentence.

When the defendant presents nonfrivolous reasons for imposing a particular sentence, the "district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

On this record, there is no room to question the district court's awareness of McNeil's cooperation. It was mentioned by counsel for both sides at sentencing and discussed in the presentence report, with which the court plainly was familiar. As such, although McNeil is correct that the court did not explicitly state why this factor was not controlling as to the issue of what sentence to impose, we "conclude that the district court considered and implicitly rejected it as a sufficient reason to impose a within-Guidelines sentence." United States v. Bowens, 527 F. App'x 256, 258 (4th Cir. 2013) (unpublished).

The sentencing transcript makes plain the court's view that any efforts at cooperation paled in comparison to McNeil's high likelihood of recidivating, as evidenced by his commission of multiple breakings-and-enterings in a relatively short period of time, and McNeil's demonstrable lack of respect for the law, evidenced by McNeil's persistent refusal to conform his behavior to the law or to abide by the terms of his probation. The court also considered the lenient treatment McNeil received for his past offenses and that McNeil had other dismissed and uncharged conduct. Finally, the court expressly acknowledged — but rejected — McNeil's more robust argument that his youth and immaturity countenanced a shorter term of imprisonment, opining that its duty to protect the public would be discharged only if McNeil were sentenced to a significant term of imprisonment.

"We will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a shorter prison term was inappropriate for a defendant who had repeatedly committed a serious offense and who had already proven immune to other means of deterrence." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). We accordingly reject McNeil's claim of procedural error.

Turning, then, to the substantive reasonableness of the sentence, substantive reasonableness review requires that we

4

evaluate "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." United States v. Hargrove, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 133 S. Ct. 2403 (2013). Of course, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). The Supreme Court mandates that this court "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

Though McNeil's sentence is almost double the high end of his Guidelines range, we discern no abuse of discretion in the district court's determination that such a deviation was justified. The district court's decision was rooted in McNeil's criminal history and the resistance he had previously demonstrated to conforming his conduct to the mandates of the law. McNeil's criminal record was all the more concerning considering his relatively young age, and the fact that most of his crimes were committed within a three-year period. Because

5

the district court's decision to depart fourteen months above the Guidelines range is supported by the record, it does not constitute an abuse of discretion.

We accordingly hold that McNeil's departure sentence is reasonable, both procedurally and substantively, and affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED