**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**XIAO XU WU, a/k/a Wendy,
Defendant–Appellant.**

No. 12–4727.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 23, 2013.

Decided: June 20, 2013.

Marilyn G. Ozer, Massengale & Ozer, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May–Parker, Yvonne V. Watford–McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiao Xu Wu pled guilty to conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 371 (2006), and 18 U.S.C.A. § 2320(a) (West Supp.2013). She received a sentence of thirty-six months' imprisonment. Wu appeals her within-Guidelines sentence, contending that the district court erred in denying her motion for a variance

and that her sentence is unreasonable. We affirm.

Wu and five co-defendants were engaged in transporting counterfeit merchandise made in China but purporting to be expensive handbags, belts, and other accessories, from warehouses in New York City to North Carolina where they distributed it to flea market vendors. Wu leased two storage units in North Carolina in which she stored counterfeit merchandise with a retail value of more than $1.2 million. Agents observed Wu supplying the counterfeit merchandise to various flea market vendors.

After hearing from the parties concerning the appropriate sentence in light of the 18 U.S.C. § 3553(a) (2006) factors, the district court observed that Wu was "a major distributor of counterfeit goods." (J.A. 69).* Prior to imposing a sentence of thirty-six months, the court stated that "[t]he Guideline[s] range in this case captures the factors set forth in … § 3553…. [T]his type of conduct must be … discouraged. There's a need to protect legitimate business operations, trademarks, and copyrights. There's a need to promote respect for the law. [Wu has] demonstrated utter disrespect." (J.A. 69–70).

On appeal, Wu asserts that the thirty-six-month sentence was greater than necessary to satisfy the sentencing goals of § 3553(a). This court reviews a sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 46, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. *Id.* at 51, 128 S.Ct. 586; *see United States v. Lynn,* 592 F.3d 572, 575 (4th Cir.2010). The court first reviews for significant procedural error, which, among other deficien-

cies, may include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. To avoid procedural error, the district court must make an *"individualized* assessment," wherein it applies the relevant § 3553(a) factors to the particular facts of the defendant's case. *United States v. Carter,* 564 F.3d 325, 328 (4th Cir.2009). It also should address any nonfrivolous arguments for an out-of-Guidelines sentence "and explain why [it] has rejected those arguments." *Id.* (internal quotation marks omitted).

Only if the court finds a sentence procedurally reasonable will it then consider substantive reasonableness. *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Substantive reasonableness is determined by considering "the totality of the circumstances." *Id.* If the sentence is within the Guidelines range, we may apply a presumption of reasonableness. *United States v. Johnson,* 445 F.3d 339, 341 (4th Cir.2006).

Wu asserts that she had a minor role in the conspiracy, that her sentence created an unwarranted sentencing disparity between her and her co-defendants, and that the district court failed to adequately consider her personal background and hardships. However, ample evidence supported the district court's conclusion that Wu was a major distributor of counterfeit merchandise. Furthermore, the court justified Wu's sentence with an individualized assessment, stressing in particular the need to protect the public and promote respect for the law. *See Johnson,* 445 F.3d at 345 (stating that district court need not "robotically tick through § 3553(a)'s every subsection"). Even if this court might weigh the § 3553(a) fac-

---

* "J.A." refers to the joint appendix filed by the parties.

tors differently and select a different sentence, the district court's sentence deserves deference. *See United States v. Jeffery*, 631 F.3d 669, 679–80 (4th Cir. 2011). Therefore, we conclude that the district court did not abuse its discretion and that the sentence is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*