**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 13-4946**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GARY LEE KING, JR.,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:13-cr-00361-GRA-2)

─────────

Submitted:  May 22, 2014                    Decided:  May 29, 2014

─────────

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Elizabeth Anne Franklin-Best, BLUME NORRIS & FRANKLIN-BEST, LLC, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Max B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lee King, Jr., pled guilty, without a plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced King to the Guidelines sentence of 120 months' imprisonment. On appeal, King argues that the district court abused its discretion by denying his motion for a downward variance. Specifically, King contends that his sentence is procedurally unreasonable because the district court provided no indication that it considered his nonfrivolous argument that incarceration will be more difficult for him than for other prisoners because he is an amputee. King also avers that his sentence is substantively unreasonable. Finding no reversible error, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we consider, among other factors, whether the district court adequately analyzed the 18 U.S.C. § 3553(a) (2012) factors and sufficiently explained the selected sentence. Id.

In explaining its sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines

2

sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Such an explanation is necessary to "promote the perception of fair sentencing" and to permit "meaningful appellate review." Gall, 552 U.S. at 50.

It may be possible, however, for an appellate court to evaluate from "[t]he context surrounding a district court's explanation . . . both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). Where the record clearly reveals that the court considered the parties' arguments and relevant evidence and the case is "conceptually simple," the law does not require the court "to write more extensively." Rita v. United States, 551 U.S. 338, 359 (2007).

Although King correctly notes that the district court's explanation is devoid of any reference to his argument regarding the difficulty of imprisonment for amputees, the record provides enough context for this court to confidently

3

conclude that the district court considered King's argument. In any event, the court analyzed the § 3553(a) factors before imposing sentence and we can find no indication in the record that the court would have imposed a different sentence had it more explicitly considered King's argument regarding the difficulty of imprisonment for amputees. See United States v. Lynn, 592 F.3d 572, 576, 585 (4th Cir. 2010) (recognizing that an error is harmless if "it did not have a substantial and injurious effect or influence on the result" (internal quotation marks omitted)).

Having found no significant procedural error, we next consider the substantive reasonableness of King's sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. We apply a presumption on appeal that King's Guidelines sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption may rebutted only by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." Montes-Pineda, 445 F.3d at 379 (internal quotation marks omitted).

We conclude that King has failed to make such a showing. Far from ignoring King's special needs when imposing sentence, the court honored counsel's request to house King in a medical facility.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED