**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4045**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICHARD KIRK MAYNOR,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-cr-00121-BO-1)

Submitted: September 11, 2015      Decided: October 16, 2015

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Kirk Maynor appeals his 72-month upward variant prison sentence, which was imposed after he pled guilty, pursuant to a plea agreement, to one count of possession of a stolen firearm and ammunition, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). Maynor's sole argument is that the district court procedurally erred when it imposed an upward variant sentence without addressing his non-frivolous arguments in favor of a within-Guidelines sentence. Finding no error, we affirm.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can "conclude that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Thus, where, as here, "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from 18 U.S.C. § 3553 (2012) "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578.

We conclude that the district court did not abuse its discretion when it imposed Maynor's upward variant sentence. A district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to

2

satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (brackets omitted). Thus, "a district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing[.]" United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal citations omitted).

"[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum[;]" rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [the appellate court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id. at 381. The context of a defendant's sentencing can also make clear that the district court considered defense counsel's arguments for a different sentence but found them insufficient. See Rita v. United States, 551 U.S. 338, 359 (2007).

At sentencing, the government argued for an upward departure, emphasizing Maynor's "many unscored convictions." J.A. 32. Because Maynor's criminal history category was already category VI, the government asked the district court to depart

3

from an offense level of 17 to 21 to reflect Maynor's unscored convictions, which the government catalogued. J.A. 34-35. Maynor responded with non-frivolous arguments for a within-Guidelines sentence, addressing each of those unscored convictions and arguing against using them to depart. J.A. 36-37. The court responded: "You don't have to go through all of that. You can do it if you want but that's not going to influence me at all. I'm going to vary. I'm not going to upwardly depart . . ." J.A. 37.

Reviewing this statement in context, we conclude that the district court found it unnecessary for Maynor to rebut the government on each unscored conviction because the court had decided to reject the government's departure motion. We further conclude that the district court was engaged during Maynor's sentencing hearing and said enough to satisfy us that it considered the parties' arguments and had a reasoned basis for imposing the upward variant sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4