**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4264**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

JON PAUL CLEMENTS,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   Thomas E. Johnston, District Judge.  (2:14-cr-00174-1)

Submitted:  January 28, 2016      Decided:  February 16, 2016

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas J. Gillooly, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Paul Clements pled guilty, without a plea agreement, to four counts of distributing heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced him, as a career offender, to 168 months' imprisonment, the bottom of the advisory Sentencing Guidelines range. Clements timely appealed his sentence. For the reasons that follow, we affirm.

We review Clements' sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Such review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we evaluate whether the district court committed significant procedural error, such as improperly calculating the advisory Guidelines range, failing to appropriately consider the 18 U.S.C. § 3553(a) (2012) factors, or selecting a sentence based on clearly erroneous facts. Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

If we find no procedural error, then we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51; United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy

2

the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within- or below-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id. When reviewing for substantive reasonableness, this court "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

Clements contends that his sentence is unreasonable because the court failed to properly weigh the § 3553(a) factors by taking into account his history and characteristics, and impermissibly considered dismissed and acquitted conduct when sentencing him. We disagree.

In fashioning Clements' sentence, the district court addressed the 18 U.S.C. § 3553(a) sentencing factors. Specifically, the court noted that while Clements' offenses involved only a small quantity of heroin, this drug, along with pills, was a serious law enforcement problem in southern West Virginia, and that Clements' "sentence need[ed] to send the message of deterrence to others who are involved in trafficking

3

any kind of drugs but, in particular, heroin and pills." The court also noted Clements' "significant" criminal history and found that a sentence within the career offender Guidelines range was appropriate and necessary to deter Clements from engaging in crime and to protect the public from his criminal activity. All of these considerations by the court speak directly to several § 3553(a) factors. See 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) ("the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"); 18 U.S.C. § 3553(a)(2)(B) (the need to deter criminal conduct); 18 U.S.C. § 3553(a)(2)(C) (the need "to protect the public from further crimes of the defendant").

Turning to Clements' claim that the district erroneously considered dismissed and acquitted charges, read in context, the district court mentioned these events in responding to Clements' request for a below-Guidelines sentence. During his allocution, Clements apologized, stating that he accepted responsibility for his actions and was trying to support his family. Remarking that actions carried more weight than words, the court noted Clements' dismissed federal charges from 2010 and 2014, and observed that, within a month after being released following his

4

acquittal on another federal charge in 2014, Clements pled guilty to a state drug charge, and the next month had resumed selling drugs. The court found that Clements' actions demonstrated that he had learned nothing from his experience with the criminal justice system and, therefore, a within-Guidelines sentence was appropriate. Thus, the court considered the acquitted and dismissed conduct only in the context of rejecting Clements' request for a below-Guidelines sentence.

As to Clements' claim that the district court failed to take into account his history and characteristics, specifically his difficult childhood and the lengthy gap between his 2011 career offender predicate offenses and his current crimes, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). The record reflects that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Avila, 770 F.3d 1100, 1108 (4th Cir. 2014) (second alteration in original; internal quotation marks omitted).

We conclude that Clements has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. The court clearly considered the § 3553(a) factors, offered a reasoned explanation for the sentence it imposed, and

5

explained its basis for rejecting Clements' arguments for a lesser sentence. <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). The fact that Clements disagrees with the district court does not render his sentence unreasonable. <u>Cf.</u> <u>Yooho Weon</u>, 722 F.3d at 590.

Finally, Clements contends that the district court erred by denying as moot his challenge to the assessment of two criminal history points, rather than one, for his 2014 West Virginia conviction for possession with intent to deliver marijuana. The criminal history point in question did not affect Clements' criminal history score because he was sentenced as a career offender. Therefore, the district court did not err by concluding that Clements' challenge was moot.

Accordingly, we affirm Clements' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>